# EXHIBIT #1

6/28/2024 8:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89338758
By: Gerardo Perez
Filed: 6/28/2024 8:19 PM

## 2024-41479 / Court: 113

CAUSE NO.

| QUANG PHAM PLAINTIFF | § | IN DISTRICT COURT |
|---|---|---|
| VERSUS | § | COURT NO |
| CITY OF HOUSTON<br><br>HOUSTON POLICE DEPARTMENT<br><br>DUC DUONG<br><br>DEFENDANTS | § | HARRIS COUNTY, TEXAS<br><br>TRIAL BY JURY DEMANDED |

To the Judge of this Honorable Court, NOW COMES, Quang Pham, the Plaintiff in this matter and complains that on or about June 21, 2021, Plaintiff was arrested for Aggravated Assault with a Deadly Weapon under case styled *State of Texas v. Quang Pham Cause Number 177573601010, 172602701010*. Plaintiff complains that he was misidentified by Officer Duc Duong who is employed by the Houston Police Department. This matter will be conducted under Rule 190.2 Discovery Control Plan Level 1.

I. Facts

On or about June 21, 2021 Office Duong executed a warrant at Plaintiff's place of employment located in Houston, Texas. A representative from the Human Resources department came to Plaintiff's office and requested that he go to the loading dock of the building. Upon arriving at the loading dock, Plaintiff was taken in custody and charged with Aggravated Assault with a Deadly Weapon. During the pendency of this case, Plaintiff was required to work from home. Cause *177573601010* was dismissed on the State's motion for lack of probable cause, and Cause *172602701010* was dismissed on the State's motion for insufficient evidence of guilt.

Plaintiff did not consent to the seizure or arrest. Officer Duong's sworn affidavit in support of the warrant for arrest was based on an identity that was not the Plaintiff. The Defendant issued not just one but two warrants for Plaintiff's arrest. Plaintiff spent days in custody. His criminal trial was ongoing for a year, as a result of the conditions of his bond, he was required to cancel his wedding in Japan with no refund. Plaintiff incurred significant embarrassment and public ridicule as a result of his arrest.

## II. Applicable Law

### A. False Arrest and False Imprisonment

The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches. No warrant to search any place or to seize any person or thing shall be issued without describing them as near as may be, nor without probable cause supported by oath or affirmation. Tex. Code Crim. Proc. § 1.06

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land. Tex. Code Crim. Proc § 19. In order to establish civil liability for false arrest or false imprisonment, a plaintiff must show a wrongful interference with his freedom. *Montgomery Ward Co. v. Garza*, 660 S.W.2d 619, 621 (Tex.App.-Corpus Christi 1983, no writ). The elements of false arrest or false imprisonment are a willful detention of the person, against the consent of the person, without authority of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Sears, Roebuck Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). "When the plaintiff's case is based on an allegedly improper arrest, the question of good faith turns on whether there was probable cause for the arrest. *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 764 (Tex.App.-Tyler 1997, writ denied); *see Antu*, 914 S.W.2d at 173. " *Nunez v. Jimenez*, No. 04-07-00403-CV, at *1 (Tex. App. Oct. 10, 2007)

### B. Malicious Prosecution

A plaintiff in a malicious prosecution case has the burden of proving: (1) the commencement of a criminal prosecution; (2) with malice; (3) without probable cause; (4) resulting in an acquittal; and (5) damaging the plaintiff. *ITT Consumer Financial Corporation*, 932 S.W.2d at 160, *citing Coniglio v. Snyder*, 756 S.W.2d 743, 744 (Tex.App. — Corpus Christi 1988, writ denied) and *Dominguez v. Kelly*, 786 S.W.2d 749, 751 (Tex.App. — El Paso 1990, writ denied). *See also James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982). *Digby v. Texas Bank*, 943 S.W.2d 914, 918-19 (Tex. App. 1997)

### C. Defamation

The elements of a prima facie case for defamation include damages, unless the statement constitutes defamation per se. *Bedford*, 520 S.W.3d at 904. The McQuillings asserted in their counterclaim and in their response to the Drerups' motion to dismiss that Cynthia's complained-of statements qualified as defamation per se. Defamation per se refers to false statements so obviously harmful that general damages, such as mental anguish and loss of reputation, may be presumed. *Anderson v. Durant*, 550 S.W.3d 605, 618 (Tex. 2018) (citing *Lipsky*, 460 S.W.3d at 593). Statements that injure a person in his office, profession, or occupation are typically classified as defamatory per se. *Tatum*, 554 S.W.3d at 624. Remarks that adversely reflect on a person's fitness to conduct his business or trade are deemed defamatory per se. *Lipsky*, 460 S.W.3d at 596. **Drerup v. McQuilling, No. 01-20-00844-CV, at \*26-27 (Tex. App. Aug. 12, 2021)**

### III.   Reservation of Right to Amend Pleadings

Plaintiff reserves the right to amend their pleadings and plead alternative theories or defenses as permitted by the applicable rules of procedure. This reservation is made to ensure that the Plaintiff has the flexibility to adapt their claims and defenses as new information becomes available or as the legal landscape evolves. The Plaintiff recognizes that the facts and

circumstances surrounding this case may change, and they intend to maintain the ability to adjust their pleadings accordingly. By reserving this right, the Plaintiff seeks to avoid any potential prejudice or limitations that may arise from being confined to a single set of allegations or legal arguments at the outset of the litigation.

## IV.   Prayer for Relief

As result of the arrest, the Plaintiff incurred mental anguish, humiliation and fear resulting from the arrest and seizure; Plaintiff was in the custody of the Houston Police Department; his gainful employment impacted when Officer Duong shared information regarding the alleged offense with his employer; was forced to hire an attorney to defend himself and cancel his wedding in Japan to comply with his bond conditions.

WHEREFORE, Plaintiff, prays for judgment against Defendant, for monetary damages, special damages, punitive damages in an amount not less than $100,000 and all other relief this Court determines is appropriate.

*[signature]*

**Attorney for the Plaintiff**
Tiffany Bartley Sams
SBOT 24053091
114 Heights Blvd Unit I
Houston, TX 77007
Office: 713-609-9622
Cell: 832-594-8141
Fax: 713-589-4689
tiffanysams@pathlightlegalcorporation.com
www.pathlightlegalcorporation.com