Civil Action No.: 4:24−cv−03181

**AMENDED COMPLAINT**

| | | |
|---|---|---|
| **Quang Pham,**<br>**Plaintiff,** | | **IN THE UNITED STATES**<br>**DISTRICT COURT** |
| **VS.** | | **SOUTHERN DISTRICT**<br>**OF TEXAS** |
| **City of Houston, Houston**<br>**Police Department, and**<br>**Officer Duc Duong, in His**<br>**Official and Individual**<br>**Capacities,**<br>**Defendants.** | | **HOUSTON DIVISION**<br><br>**JURY DEMANDED** |

## I. INTRODUCTION

Plaintiff, Quang Pham, initiates this action pursuant to 42 U.S.C. § 1983, seeking redress for egregious violations of his constitutional rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

Defendants—City of Houston, Houston Police Department, and Officer Duc Duong—acting under color of state law, orchestrated Plaintiff's unlawful detention and arrest with a disregard for the truth without probable cause or reasonable suspicion. The arrest was predicated on a gross misidentification and reliance on erroneous Department of Motor Vehicles (DMV) records, which lacked accuracy and reliability.

This wrongful arrest was not an isolated incident but the direct result of systemic failures by the City of Houston and its Police Department. These failures include deficient policies, inadequate training, and insufficient supervision of law enforcement officers, creating an environment where

1

constitutional rights are routinely disregarded. Compounding these systemic deficiencies was the deliberate misconduct of Officer Duc Duong, who acted with reckless disregard for Plaintiff's rights by failing to verify the veracity of the information used to secure an arrest warrant.

As a result of these actions, Plaintiff suffered severe violations of his constitutional rights, including the deprivation of liberty, denial of due process, and subjection to an unreasonable seizure. Plaintiff seeks compensatory damages to redress his emotional distress, reputational harm, and financial losses, as well as punitive damages to deter future misconduct and hold Defendants accountable for their unconstitutional actions.

## II. JURISDICTION AND VENUE

Plaintiff is an individual residing in Harris County who was unlawfully arrested and detained by Defendants in Harris County, Texas. Plaintiff suffered severe emotional distress, reputational harm, and financial losses due to Defendants' unconstitutional actions.

This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as the action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. Jurisdiction is further supported under 28 U.S.C. § 1343(a)(3), which grants district courts jurisdiction over civil rights actions seeking relief for the deprivation of constitutional rights under color of state law.

The Plaintiff was arrested and detained in Harris County by Houston Police Department using an affidavit executed by Defendant Duc Duong. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the events and omissions giving rise to this action occurred within the jurisdiction of this Court, and Defendants are subject to personal jurisdiction within this District.

## III. PARTIES

2

Plaintiff brings this action against officer Duc Duong, **Defendant**, individually, and in his professional capacity including the City of Houston and Houston Police Department as **Co-Defendants**.

City of Houston, is a municipality organized under Texas law, responsible for creating, implementing, and enforcing policies and procedures governing the Houston Police Department. The City is tasked with ensuring its officers are adequately trained, supervised, and disciplined to prevent constitutional violations.  Houston Police Department is an agency of the City of Houston responsible for law enforcement, officer training, and ensuring public safety. The Department's systemic deficiencies in training, supervision, and accountability directly caused Plaintiff's unlawful arrest and detention.  Officer Duc Duong is a police officer employed by the Houston Police Department, sued in both his official and individual capacities. Acting under color of state law, Officer Duong played a central role in Plaintiff's unlawful arrest by fabricating evidence, failing to verify critical information, and disregarding Plaintiff's constitutional rights.

## IV. FACTUAL ALLEGATIONS

1.    On or about June 18, 2022, Plaintiff was arrested on private property of Plaintiffs employer;

2.    Defendant presented the warrant to an human resource professional requesting they surrender Plaintiff;

3.    Plaintiff's employer escorted Plaintiff without explanation to the loading dock into the custody of Defendant;

4.    Defendants arrest warrant was based on information gathered during a high speed chase of two vehicles making the information and identification unreliable at no time in the fact pattern does the complainant suggest they were in a position to actually see the alleged offender;

5.    Defendants' affidavit alleged that one of the complainants wrote down a license plate number for a vehicle, to wit a gray honda pilot tx plate dw4h114;

6.    Plaintiff he has never owned or had registered a gray Honda pilot;

7.      Plaintiff was required to work from home for a year before ultimately separating from his employer;

8.      The arrest was predicated on erroneous DMV records that falsely identified Plaintiff as a suspect and an unreliable witness identification that was vague, inconsistent, and wholly inadequate to establish probable cause;

9.      The warrant was executed more than a year after being originally filed;

10.     Defendant Officer Duong knowingly prepared and submitted an affidavit containing false statements and material omissions to secure an arrest warrant for Plaintiff, despite the absence of credible evidence. These actions were taken with deliberate indifference to Plaintiff's constitutional rights;

11.     Plaintiff was detained and publicly humiliated, suffering significant emotional distress, reputational damage, and financial harm, including lost wages and legal expenses;

12.     The City of Houston and the Houston Police Department  has a culture and customs of inadequate training and supervision, particularly concerning the proper evaluation of evidence, use of DMV records, and reliance on witness identifications. These systemic failures allowed officers like Defendant Duc Duong to act recklessly and with impunity.


## IV. ARGUMENT AND CAUSES OF ACTION

### A. Plaintiff's Section 1983 Claims Against the City of Houston
### 1. Municipal Liability Under Monell

Plaintiff asserts that the City of Houston is liable under 42 U.S.C. § 1983 for constitutional violations resulting from its policies, customs, and practices. In *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), the Supreme Court held that municipalities may be held liable when unconstitutional actions are directly linked to official policies or customs and serve as the "moving force" behind a violation.

Plaintiff alleges that the City of Houston failed to provide adequate training and supervision regarding lawful arrest procedures, directly resulting in his unlawful arrest and detention.

Specifically, Plaintiff highlights systemic deficiencies in handling evidence, reliance on unreliable DMV records, and the use of unverified witness identifications, all of which led to the violation of his Fourth and Fourteenth Amendment rights.

Plaintiff identifies policymakers within the Houston Police Department (HPD) were responsible for implementing adequate training and oversight mechanisms but failed to do so, thus enabling Officer Duc Duong's unconstitutional conduct. This lack of accountability demonstrates a deliberate indifference to the risk of constitutional violations, satisfying the requirements for *Monell* liability.

## 2. Failure to Train and Supervise

Under *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), a municipality's failure to train or supervise its employees constitutes "deliberate indifference" when it results in violations of constitutional rights. Plaintiff alleges that the City of Houston inadequately trained its officers on verifying the accuracy of records and assessing the reliability of evidence, particularly witness identifications and DMV data.

The City's failure to address these known deficiencies directly caused Plaintiff's wrongful arrest. The lack of proper training allowed Officer Duong to submit a false affidavit, secure an invalid warrant, and violate Plaintiff's Fourth Amendment rights. The City's deliberate indifference to these failures is evident in its long-standing neglect to implement corrective measures despite repeated instances of wrongful arrests.

## B. Section 1983 Claims Against the Houston Police Department

### 1. Proper Inclusion as a Defendant

Although the Houston Police Department (HPD) operates as a department of the City of Houston, its inclusion in this action is appropriate to address the entrenched practices and systemic failures within the department that contributed to Plaintiff's injuries. Courts have

recognized that a police department's policies and customs may give rise to liability under § 1983 when they directly lead to constitutional violations.

Plaintiff alleges that HPD's policies fostered an environment in which officers routinely disregarded constitutional safeguards, allowing systemic failures to persist unchecked. These entrenched practices enabled Officer Duong's misconduct and violated Plaintiff's constitutional rights.

### 2. Policy and Custom of Systemic Failures

Plaintiff asserts that HPD's failure to address prior complaints of wrongful arrests reflects a policy and custom of systemic deficiencies. In *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), the Supreme Court recognized that liability may be imposed for a single decision by municipal policymakers when the decision directly results in a constitutional violation.

Plaintiff's allegations demonstrate that HPD's policies regarding the handling of evidence, witness identifications, and warrant applications were inadequate. These systemic failures were the proximate cause of Plaintiff's unlawful detention and the deprivation of his Fourth and Fourteenth Amendment rights.

### C. Plaintiff's Section 1983 Claims Against Officer Duc Duong
### 1. Fourth Amendment Violations

The Fourth Amendment protects individuals from unreasonable searches and seizures, including arrests conducted without probable cause. In *Beck v. Ohio*, 379 U.S. 89, 91 (1964), the Court held that probable cause exists only when facts and circumstances within the officer's knowledge are sufficient to warrant a prudent belief that a suspect committed a crime.

Plaintiff alleges that Officer Duong knowingly prepared and submitted an affidavit containing false statements to secure an arrest warrant. The affidavit relied on:

- Erroneous DMV records that failed to accurately identify Plaintiff;
- A vague, uncorroborated witness identification lacking reliability; and

- Fabricated information intentionally included to mislead the court.

Under *Franks v. Delaware*, 438 U.S. 154, 171 (1978), material falsehoods or omissions in an affidavit invalidate the probable cause determination. Officer Duong's deliberate misrepresentations rendered the arrest warrant invalid, making Plaintiff's subsequent detention unconstitutional.

Defendants' actions subjected Plaintiff to false arrest and imprisonment, depriving him of liberty without justification and causing significant harm.

### 2. Fourteenth Amendment Violations

The Fourteenth Amendment protects individuals from deprivations of liberty without due process of law. In *Cole v. Carson*, 802 F.3d 752, 762 (5th Cir. 2015), the Fifth Circuit held that fabricating evidence leading to a person's arrest violates the Fourteenth Amendment.

Plaintiff alleges that Officer Duong intentionally fabricated evidence to secure a warrant, depriving him of his liberty without due process. Such actions violated Plaintiff's substantive and procedural due process rights, as recognized in *Napue v. Illinois*, 360 U.S. 264, 269 (1959), where the Court held that intentional misrepresentations undermine the fairness of judicial proceedings.

Plaintiff also suffered reputational harm and financial losses due to the public nature of his wrongful arrest. Under *Paul v. Davis*, 424 U.S. 693, 701 (1976), reputational harm combined with tangible losses, such as loss of employment opportunities, implicates due process protections.

### VI. DAMAGES

Plaintiff seeks comprehensive relief to redress the profound harm and losses directly caused by Defendants' unlawful and unconstitutional actions. These damages encompass both economic and non-economic injuries, aimed at fully compensating Plaintiff and deterring future misconduct. Specifically, Plaintiff seeks the following:

# 1. COMPENSATORY DAMAGES

## a. Emotional Distress

Plaintiff endured severe emotional and psychological trauma as a result of Defendants' unconstitutional actions. The wrongful arrest and detention caused Plaintiff to suffer from persistent anxiety, humiliation, and mental anguish, compounded by the public nature of his arrest and the stigma associated with the false allegations. These damages are a direct consequence of the Defendants' reckless disregard for Plaintiff's constitutional rights.

## b. Reputational Harm

Defendants' misconduct irreparably tarnished Plaintiff's reputation within his community and professional spheres. The false allegations and public arrest subjected Plaintiff to stigmatization, loss of trust, and irreparable harm to his personal and professional relationships. Plaintiff's standing in his community has been permanently damaged, resulting in reputational injury that is both profound and enduring.

## c. Loss of Employment Opportunities

As a direct result of the false arrest and subsequent reputational harm, Plaintiff experienced significant setbacks in his professional career. These include lost wages, diminished earning capacity, and missed opportunities for career advancement. The stigma associated with the wrongful arrest has rendered Plaintiff unable to secure comparable employment, further exacerbating his economic losses.

## d. Financial Losses

Plaintiff incurred substantial financial costs as a result of his wrongful arrest and detention. These include lost wages during his detention, out-of-pocket legal defense costs, and other

related expenses. These financial damages reflect the tangible harm caused by Defendants' unconstitutional conduct.

## 2. PUNITIVE DAMAGES

Plaintiff seeks punitive damages against Defendant Officer Duc Duong in his individual capacity for his reckless and willful disregard for Plaintiff's constitutional rights. Officer Duong's intentional fabrication of evidence, reliance on unreliable information, and failure to verify critical facts constitute egregious misconduct that warrants punishment.

Punitive damages are necessary to punish Defendant Duong for his deliberate and reckless violation of Plaintiff's rights; and deter other law enforcement officers and agencies from engaging in similar unconstitutional practices.

## 3. ATTORNEY'S FEES AND COURT COSTS

Pursuant to 42 U.S.C. § 1988, Plaintiff seeks reasonable attorney's fees and litigation costs incurred in prosecuting this action. These include all legal expenses associated with pursuing claims under 42 U.S.C. § 1983, ensuring that Plaintiff has full access to justice and adequate redress for his injuries.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, for the constitutional violations described herein;

2. Award compensatory damages to Plaintiff in the amount of $300,000 and all such relief to be determined at trial, including but not limited to damages for emotional distress, reputational harm, loss of employment opportunities, and financial losses;

3. Award punitive damages against Defendant Officer Duc Duong for his reckless, willful, and egregious misconduct, in an amount sufficient to punish and deter similar behavior in the future;

4. Award reasonable attorney's fees and litigation costs as authorized under 42 U.S.C. § 1988;

5. Award pre-judgment and post-judgment interest as permitted by law; and

6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,


_____

Tiffany Bartley Sams
SDTX 3793789
SBOT 24053091
114 Heights Blvd Unit I
Houston, TX 77007
Office: 713-609-9622
Cell: 832-594-8141
Fax: 713-589-4689
tiffanysams@pathlightlegalcorporation.com
www.pathlightlegalcorporation.com