**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **QUANG PHAM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil action NO.: 4:24-cv-3181** |
| | § | |
| **CITY OF HOUSTON** | § | |
| **HOUSTON POLICE DEPARTMENT** | § | |
| **DUC DUONG,** | § | |
| *Defendants.* | § | |

**DEFENDANT DUC DUONG'S RULE 12(B)(6)**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Duc Doung ("Officer Duong") files this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on qualified immunity grounds. In support of said motion, Duong would respectfully show the Court as follows:

**Table of Contents**

Table of Contents ........................................................................................................... 1
Table of Authorities ....................................................................................................... 2
Nature and Stage of Proceedings ................................................................................... 4
Statement of Issues to Be Ruled on and Standard of Review ........................................ 4
    I.   Statement of Issues ................................................................................................ 4
    II.  Standard of Review ............................................................................................... 4
Summary of the Argument .............................................................................................. 6
Argument and Authorities .............................................................................................. 6
    III.   Plaintiff's claims against the individual officer in his official capacity must be dismissed as redundant. ................................................................................................................. 6
    IV.   Plaintiff's claims against Officer Duong are conclusory and insufficient to overcome his qualified immunity. .......................................................................................................... 7
        A.   Officer Duong is entitled to qualified immunity. ............................................. 7
        B.   Plaintiff fails to plausibly allege a  Fourth Amendment Violation ................... 9

C.   Plaintiffs plead no facts to infer facts that would overcome the independent intermediary doctrine. ................................................................................................ 14

D.   No Fourteenth Amendment Violation .................................................... 17

Conclusion ........................................................................................................... 20

Certificate of Service .......................................................................................... 21

## Table of Authorities

### Cases

*C.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541 (5th Cir. 2011). ............................... 10
*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) .................. 6
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................... 4, 5, 9
*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) ..................................................... 7
*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) ................................. 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 4, 5, 6
*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) .......................................... 6
*Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015) .......................... 11, 12, 18
*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ..................................................... 9
*Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548 (5th Cir. 2016) ...................... 14
*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) ................................................. 7, 8
*Chavez v. Alvarado*, CV H-21-867, 2021 WL 3089289 (S.D. Tex. July 22, 2021) ...................... 6
*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ......................................... 7
*Cole v. Carson*, 935 F.3d 444 .................................................................... 8
*Collins v. Ainsworth*, 382 F.3d 529 (5th Cir. 2004) ................................................. 8
*Crostley v. Lamar Cty.*, 717 F.3d 410 (5th Cir. 2013) .............................................. 11
*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010) ............................. 9, 18
*Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001) .......................................... 13
*Curtis v. Anthony*, 710 F.3d 587 (5th Cir. 2013) .................................................. 10
*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009) ................................................. 9
*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992) ......................................... 9
*Espinal v. City of Houston, Tex.*, No. CV H-22-1149, 2023 WL 424831 (S.D. Tex. Jan. 26, 2023) ........................................................................................... 14
*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ............................. 6
*Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731 (S.D. Tex. Oct. 16, 2020) ...................... 7
*Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) .................................................. 6
*Franks v. Delaware*, 438 U.S. 154 (1978) .......................................................... 9
*Freeman v. Cnty. of Bexar*, 210 F.3d 550 (5th Cir. 2000) ........................................... 9
*Goodman v. Harris County*, 571 F.3d 388 (5th Cir. 2009) ............................................ 7
*Graham v. Connor*, 490 U.S. 386 (1989) ........................................................... 18
*Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016). 18
*Haggerty v. Tex. S. Univ.*, 391 F.3d 653 (5th Cir. 2004) ........................................... 13
*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .................................................. 5, 6, 9
*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................................................ 7
*Heckford v. City of Pasadena*, 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021) ..... 6

*Holland v. City of Houston*, 41 F. Supp. 2d 678 (S.D. Tex. 1999) ................................................ 6

*Ill. v. Gates*, 462 U.S. 213 (1983) ................................................................................................ 10

*In re Selcraig*, 705 F.2d 789 (5th Cir. 1983) ............................................................................... 19

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ...................................................................... 4

*Jennings v. Patton*, 644 F.3d 297 (5th Cir. 2011) ...................................................................... 14

*Johnson v. Norcross*, 565 F. App'x 287 (5th Cir. 2014) ................................................................. 9

*Jones v. Perez*, 790 F. App'x 576 (5th Cir. 2019) ................................................................ 12, 13

*Kohler v. Englade*, 470 F.3d 1104 (5th Cir. 2006) ........................................................................ 9

*Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021) ............................................................................. 7

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) .............................................................................. 5

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994) ......................................................................... 9

*Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992) ......................................................................... 11

*Max-George v. Houston Police Dep't*, CV H-17-2264, 2020 WL 6322283 (S.D. Tex. Oct. 28, 2020) ............................................................................................................................................. 6

*Mayfield v. Currie*, 976 F.3d 482 (5th Cir. 2020), as revised (Sept. 23, 2020) ........................... 14

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................... 5

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) (en banc) .................................................... 7, 8

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .................................................................................. 4

*O'Dwyer v. Nelson*, 310 F. App'x 741 (5th Cir. 2009) .................................................................. 16

*Pearson v. Callahan*, 555 U.S. 223 (2009) .................................................................................... 7

*Petersen v. Johnson*, 57 F.4th 225 (5th Cir. 2023) ...................................................................... 14

*Phillips v. Allen*, 668 F.3d 912 (7th Cir. 2012) ........................................................................... 13

*Piazza v. Mayne*, 217 F.3d 239 (5th Cir. 2000) (per curiam) ...................................................... 12

*Saucier v. Katz*, 533 U.S. 194 (2001) ............................................................................................ 7

*Scott v. Harris*, 550 U.S. 372 (2007) ............................................................................................. 8

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ...................................................................... 14

*Smith v. Gonzales*, 670 F.2d 522 (5th Cir. 1982) .......................................................................... 9

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) .................................................. 5, 6

*Tucker v City of Shreveport*, 998 F3d 165 (5th Cir 2021) ............................................................. 7

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 5

*Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018) ........................................................................ 14

*Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013) ........................................................................... 8

*Zimmerman v. Cutler*, 657 F. App'x 340 (5th Cir. 2016) ....................................................... 12, 17

## Statutes

42 U.S.C. § 1983 ............................................................................................................................. 4

42 U.S.C.S. § 1983 ........................................................................................................................ 16

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 4

## Rules

*Leal                                              v.                                         McHugh*,

731 F.3d 405 ................................................................................................................................ 5

**Nature and Stage of Proceedings**

       1.     This is a federal civil rights case stemming from Plaintiff's arrest on June 21, 2022.  On June 28, 2024, Plaintiff filed his original petition in state court.  On August 26, 2024, Officer Duong filed notice of removal.  On August 30, 2024, Plaintiff filed a motion to remand.  On September 3, 2024, Officer Duong filed a motion to dismiss for failure to state a claim.  On November 5, 2024, this Court denied Plaintiff's motion to remand and ordered Plaintiff to submit an amended complaint within fifteen days of the hearing. Plaintiff's amended complaint asserts claims pursuant to 42 U.S.C. § 1983 alleging unlawful arrest, emotional distress, reputational harm, loss of employment opportunities and financial losses. This is Officer Duong first responsive motion to Plaintiff's amended complaint.

**Statement of Issues to Be Ruled on and Standard of Review**

     **I.**    **Statement of Issues**

1. Plaintiff's claims against Officer Duong in his official capacity must be dismissed as redundant.

2. Plaintiff's allegations fail to establish a constitutional violation and are insufficient to overcome Officer Duong's qualified immunity.

     **II.**    **Standard of Review**

       2.     If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings.  *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-

defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

3.      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

4.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (*citing Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Nor should courts "strain to find inferences favorable to the plaintiff. *Barilla v. City of Houston, Tex*., 4:20-CV-0145, 2020 WL 6054939, at *2 (S.D. Tex. June 15, 2020), reconsideration denied, 4:20-CV-00145, 2020 WL 6054940 (S.D. Tex. Sept. 11, 2020).

5.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544.  Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.  *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

**Summary of the Argument**

6.      All of Plaintiff's claims must be dismissed.  First, Plaintiff's claims against the individual officer in his official capacity must be dismissed as redundant.  Finally, Plaintiff's claims against Officer Duong are insufficient to overcome his qualified immunity.

**Argument and Authorities**

**III.    Plaintiff's claims against the individual officer in his official capacity must be dismissed as redundant.**

7.      It is well-settled that claims asserted against government officials in their official capacity are really against the governmental entity.  *Chavez v. Alvarado*, CV H-21-867, 2021 WL 3089289, at *5 (S.D. Tex. July 22, 2021); *Heckford v. City of Pasadena*, 4:20-CV-4366, 2021 WL 2517405, at *6 (S.D. Tex. June 18, 2021); *Max-George v. Houston Police Dep't*, CV H-17-2264, 2020 WL 6322283, at *4 (S.D. Tex. Oct. 28, 2020); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999); *Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011). Accordingly, because Plaintiff has also asserted claims against the City of Houston, Plaintiff's

claims against the officer in his official capacity should be dismissed as redundant. *Chavez*, 2021 WL 3089289, at *5; Heckford, 2021 WL 2517405, at *6; *Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731, at *5 (S.D. Tex. Oct. 16, 2020) (citing *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009)); *Rollerson*, 2013 WL 2189892, at *11.

### IV.    **Plaintiff's claims against Officer Duong are conclusory and insufficient to overcome his qualified immunity.**

#### A.  **Officer Duong is entitled to qualified immunity.**

8.    Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Qualified immunity is justified unless no reasonable officer could have acted as the defendant officer did, or every reasonable officer faced with the same facts would not have acted as the defendant officer did. *Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021). In other words, if officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *Tucker v City of Shreveport*, 998 F3d 165, 172 (5th Cir 2021). Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). As such, one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 645, 647–49 (5th Cir. 2012)).

9.    Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity

is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007).   Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201.   "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). *"*This requirement establishes a high bar." *Id.*   When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.*   Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).   Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Morgan*, 659 F.3d at 371.

10.    Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. *Carswell*, 54 F.4th at 311-12.   It cannot defer that question until summary judgment. *Id.* Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense. *Id.*   A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in

which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct

failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

### B.  Plaintiff fails to plausibly allege a Fourth Amendment Violation

11.    "Where an arrest is made under authority of a properly issued warrant, the

arrest is simply *not* a false arrest." *Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014)

(quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)) (emphasis added).  But the Fifth

Circuit has recognized that both intentional misrepresentations in warrant applications and material

omissions from the same may give rise to Fourth Amendment claims.  *Johnson*, 565 F. App'x at

289 (citing *Kohler v. Englade*, 470 F.3d 1104, 1113-14 (5th Cir. 2006)).  When an arrest is pursuant

to a warrant, the Plaintiff must plausibly allege that the particular defendant made intentional

misrepresentations or material omissions in the warrant application, without which the warrant

would not have established probable cause.  *Johnson*, 565 F. App'x at 289; *Freeman v. Cnty. of

Bexar*, 210 F.3d 550, 553 (5th Cir. 2000) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

The Plaintiff's arrest was made under authority of a properly issued warrant and therefore was

lawful as a matter of law (Exhibit #1).

12.    To state a claim for an alleged false arrest without a warrant, (which is not at

issue in this case), the Plaintiff must, at minimum, allege plausible facts that establish the lack of

probable cause for his arrest.[1]  "For warrantless arrests, the test for whether the police officer had

probable cause to arrest is if, at the time of the arrest, he had knowledge that would warrant a prudent

person's belief that the person arrested had already committed or was committing a crime." *Mangieri*

---

[1] *Ashcroft,* 556 US at 678.  *See also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *C.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541, 543 (5th Cir. 2011).  It is well-settled that the lack of probable cause is "a necessary component" of a false arrest claim.  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ("If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails.") (emphasis omitted) (additional citations omitted); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment . . . require a showing of no probable cause.").

*v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (quoting *Duckett v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir. 1992)). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (quoting *Ill. v. Gates*, 462 U.S. 213, 245 n. 13 (1983)). "Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person." *Id* at 303 (citing *Hill v. California*, 401 U.S. 797, 91 S. Ct. 1106, 28 L. Ed. 2d 484 (1971)).

13.    Under existing Supreme Court precedent, to conclude that a right was "clearly established" for qualified immunity purposes requires the existence of at least one circuit court case recognizing the right at issue based on a *very* similar factual scenario. As the Supreme Court has stated it, "[u]nder our cases, the clearly established right must be defined with specificity." *Escondido v. Emmons*, 139 S.Ct. 500, 503, 202 L. Ed. 2d 455 (2019). In 2017, the Court stressed "the need to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *White v. Pauly*, 137 S.Ct. 548, 552, 196 L. Ed. 2d 463 (2017). And in 2018, it said that "[t]o be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Wesby*, 138 S.Ct. at 589 (internal quotation marks and citations omitted). Plaintiff has failed to point to any Fifth Circuit or [*23] Supreme Court case with facts close to those here, which found a Fourth Amendment violation under such facts. Because this is required to overcome the Defendants' claim of qualified immunity, dismissal is appropriate here.

14.    As applied to the qualified immunity inquiry, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for *any* crime. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). A mistake reasonably

made as to probable cause justifies qualified immunity. *Id.* In the context of Fourth Amendment false arrest claims and the issue of probable cause, even law enforcement officials who reasonably, but mistakenly, conclude that probable cause is present are entitled to qualified immunity. *Crostley v. Lamar Cty.*, 717 F.3d 410, 413 (5th Cir. 2013). Moreover, the deficiency of any one piece of evidence used to demonstrate probable cause does not, on its own, mean that probable cause did not exist. *Id.* Reasonable mistakes by police officers, even leading to the arrest of the wrong person, do not implicate the Fourth Amendment. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 436 (5th Cir. 2015). The Fourth Amendment tolerates objectively reasonable mistakes. *Id.* In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of fear of being sued." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). The Supreme Court has instructed that "[w]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802, 91 S. Ct. 1106, 28 L. Ed. 2d 484 (1971) (citation and internal quotation marks omitted). In line with the Supreme Court's precedent, we have stated that the "Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person." *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994) (citing *Hill*, 401 U.S. 797, 91 S. Ct. 1106, 28 L. Ed. 2d 484).

15.     Plaintiff fails to plead Officer Duong's personal involvement in any actionable Fourth Amendment violation. Plaintiff expressly pleads that on or about June 21, 2022, Officer Duong executed a warrant at Plaintiff's place of employment. Court documents show Plaintiff was arrested for both warrants on June 21, 2022 (Exhibits #4 and 5). Subsequent to Plaintiff's arrest on June 21, 2022, Plaintiff bonded and was released from custody for cause

numbers 1726027 and 1775736 on June 22, 2022, and June 23, 2022, respectively (Exhibits #6 and 7). Both of Plaintiff's cases were dismissed on June 24, 2022. Plaintiff does not allege that Officer Duong was the arresting officer who effected arrests for warrants he requested in May of 2021, more than a year prior to arrest.

16.    Plaintiff offers no facts to suggest the requisite lack of probable cause for his arrest.   "That standard does not require that the officer believe that it is more likely than not that the suspect committed the offense." *Jones v. Perez*, 790 F. App'x 576, 580, 581 (5th Cir. 2019) (citing *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001)).   Instead, the officer must reasonably believe there was a "fair probability" he did.  *Jones*, 790 F. App'x at 581 (quoting *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (per curiam) (quotation omitted).

17.    Plaintiff offers conclusory and false allegation linking Officer Duong to the alleged false arrest: that Officer Duong knowingly prepared and submitted an affidavit containing false statements to secure an arrest warrant; Officer Duong's sworn affidavit in support of the warrant for arrest relied on erroneous DMV records that failed to accurately identify Plaintiff; Officer Doung's affidavit relied on vague, uncorroborated witness identification lacking reliability; and Officer Duong fabricated information intentionally included to mislead the court. (Doc. #23 at 6-7).    To allege intentional police fabrication, the plaintiff must make more than conclusory allegations. *Zimmerman*, 657 F. App'x at 341 (citing *Bosarge*, 796 F.3d at 441-42).   Plaintiff offers no facts showing that (1) Officer Duong arrested him; (2) that the arrest was without a warrant; (3) Officer Duong provided affidavits supporting warrants that contained false statements or material omissions knowingly and intentionally, or with reckless disregard for the truth; and (4) the false statements or material omissions were necessary to the finding of probable cause.  *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021).  In fact, the DMV records on which Officer Duong

relied for his affidavit accurately identified Plaintiff by his photo and identifying information. During Officer Duong's investigation immediately following the road rage incident in May 2021, he corroborated the license plate number provided by the witnesses by conducting a routine NCIC/TCIC check which listed Plaintiff as the registered owner of the suspect vehicle (a Honda Pilot). In August of 2022, Plaintiff admitted to selling the Honda Pilot in June of 2022. (Doc. #6-1 at 13). The witnesses positively identified the Plaintiff at the scene of the investigation as the person who committed the crime against them. (Doc. #6-1 at 5).

18. Officer Duong's reliance on witness or victim statements, without more, are enough to clear the probable cause bar (Exhibit #2 at 10-14). "**That fair probability of criminal conduct usually exists *just from the statement of a single eyewitness*, assuming no reliability concerns**." *Jones*, 790 F. App'x at 581 (emphasis added) (citing *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012) ("Identification by a single eyewitness who lacks an apparent grudge against the accused person supplies probable cause for arrest."); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity[.]" (citation omitted)).  Moreover, a judge found probable cause and issued a warrant for Plaintiff's arrest based on the complaint containing information from Officer Duong (Exhibit #1). Plaintiff was arrested on June 21, 2022, pursuant to a valid warrant based on the totality of the facts and circumstances within Officer Duong's knowledge at that time, affirmed by credible witnesses, and were sufficient for a reasonable person to conclude that Plaintiff committed an offense against the Texas Penal code warranting arrest (Exhibit #2 at ¶¶10-14). An arrest pursuant to a warrant is not a false arrest as a matter of law.  *Johnson*, 565 F. App'x at 289; *Smith*, 670 F.2d at 526.

**C. Plaintiffs plead no facts to infer facts that would overcome the independent intermediary doctrine.**

19.     An arrest made in the absence of probable cause violates the Fourth Amendment. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *Id.* at 655-56.

20.     In the context of false arrest claims, qualified immunity is a significant hurdle because it applies if an officer could have reasonably, arguably believed that there was probable cause; actual probable cause is unnecessary. *Espinal v. City of Houston, Tex.*, No. CV H-22-1149, 2023 WL 424831, at *2 (S.D. Tex. Jan. 26, 2023); *Petersen v. Johnson*, 57 F.4th 225, 232 (5th Cir. 2023) ("Actual probable cause is not necessary; merely arguable probable cause is sufficient to trigger qualified immunity.").

21.     Furthermore, under the independent-intermediary doctrine, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation' for the Fourth Amendment violation." *Winfrey v. Rogers*, 901 F.3d 483, 496 (5th Cir. 2018) (quoting *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011));  *see also, e.g., Mayfield v. Currie*, 976 F.3d 482, 486–87 (5th Cir. 2020), as revised (Sept. 23, 2020); *Shaw v. Villanueva*, 918 F.3d 414, 417–18 (5th Cir. 2019); *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016).

22.     Plaintiff's arrest was pursuant to a warrant authorized by a magistrate, an independent intermediary, whose decision breaks the chain of causation for the alleged Fourth Amendment violation. (Exhibit #1).  Hence, Plaintiff's Complaint fails to plead facts to overcome the independent intermediary doctrine, and Officer Duong's qualified immunity.  An independent

intermediary, Judge Lisa Porter, responsible for questioning warrant applications and authorizing them when authorized by law and in accordance with the Constitution, signed the warrant (Exhibit #1).

23.     There is an exception to the independent-intermediary doctrine: when the **defendant** withholds relevant information or otherwise misdirects the independent intermediary by omission or commission. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (emphasis added) (*citing Buehler*, 824 F.3d at 555). To survive a motion to dismiss under this "taint" exception, the plaintiff must plead facts supporting the inference that the defendant withheld or misdirected the independent intermediary. *See id.* Plaintiffs have not done so.

24.     The Fifth Circuit recently rejected the application of the taint exception under similar circumstances:

> Yes, Mutz's statement was false. Contrary to the statement, Shaw was not even at Falls City Elementary School on the date alleged. Still, that doesn't establish that Villanueva or Ebrom knew Mutz was lying. Nor does it show that their subordinates knew Mutz was lying when they prepared the affidavit. And Shaw fails to allege any other facts that show Villanueva or Ebrom misdirected Justice of the Peace Sotelo. Unlike in *McLin*, Shaw's allegations come up short.

*Shaw*, 918 F.3d at 418. The *Shaw* court ultimately held that the plaintiff's unadorned and conclusory allegations were "all broth and no beans." *Id.*

25.     Similarly here, the taint exception does not apply to Officer Duong in the absence of any allegation that Officer Doung intentionally misdirected or concealed facts from Judge Porter. *See id.; cf. McLin*, 866 F.3d 690-91.

26.     Nevertheless, Plaintiff's claims against Officer Duong stem from an arrest pursuant to a valid warrant based on the totality of the facts and circumstances within Officer Duong's knowledge at that time, affirmed by credible witnesses, and are sufficient for a reasonable person to conclude that Plaintiff committed an offense against the Texas Penal code warranting

arrest (Exhibit #2 at ¶¶10-14).  There is a logical gap in Plaintiff's allegations that would require this Court to make unwarranted factual inferences.  *See Arnold*, 979 F.3d at 266.  The mere fact that Officer Duong allegedly sought the warrant for Plaintiff's arrest does not necessarily mean he effected Plaintiff's arrest, conducted the subsequent investigation after the warrant was issued but before the warrant was served, or had knowledge of facts revealed during the subsequent investigation. More than a year had passed between the time Officer Duong sought the warrant for Plaintiff's arrest based on facts gathered at the scene as the responding officer of a 911 call and Plaintiff's actual arrest. Plaintiff has pleaded no facts to suggest any rationale that Officer Duong knew or should have known the facially-valid warrant was premised on false statements; to the contrary, Plaintiff's description of Officer Duong's actions suggest Officer Duong did not arrest Plaintiff, did not participate in any subsequent investigation after the warrant was issued and revealed his means of identification prior to any subsequent investigation in a reasonable attempt to aid said investigation.  (Exhibit #2 at ¶¶10-14).

27.     Plaintiff's allegations that Officer Duong committed Fourth and Fourteenth Amendment violations by acquiring a valid warrant based on the totality of the facts and circumstances within Officer Duong's knowledge at that time are speculative and conclusory, and amount to nothing more than hope and a prayer.  Officer Duong had no reason to question positive identification by credible witnesses. Plaintiff's claim, without more, cannot overcome Officer Duong's qualified immunity.  To overcome Officer Duong's qualified immunity, Plaintiff has the burden to identify a case prohibiting the alleged conduct on similar facts, but they cannot.  *See Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020).  Therefore, Plaintiff's conclusory allegations do not rise above the speculative level and do not overcome Officer Duong's qualified immunity.

28.     Plaintiff fails to plausibly allege any constitutional violation to support a § 1983

claim.  To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law.  *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009).  Against Officer Duong, Plaintiff claims deprivations of liberty interests under the Fourth and Fourteenth Amendments for an arrest and imprisonment on June 21, 2022.  Under the Fourth Amendment, Plaintiff alleges that Officer Duong knowingly prepared and submitted an affidavit containing false statements to secure an arrest warrant. Plaintiff claims Officer Duong's sworn affidavit in support of the warrant for arrest relied on erroneous DMV records that failed to accurately identify Plaintiff; a vague, uncorroborated witness identification lacking reliability; and fabricated information intentionally included to mislead the court.  Under the Fourteenth Amendment, Plaintiff alleges that Officer Duong intentionally fabricated evidence to secure a warrant, depriving him of his liberty without due process.  Such actions violated Plaintiff's substantive and procedural due process rights, as recognized in *Napue v. Illinois*, 360 U.S. 264, 269 (1959), where the Court held that intentional misrepresentations undermine the fairness of judicial proceedings.  Plaintiff also suffered reputational harm and financial losses due to the public nature of his wrongful arrest. Under *Paul v. Davis*, 424 U.S. 693, 701 (1976), reputational harm combined with tangible losses, such as loss of employment opportunities, implicates due process protections. (Doc. #23 at 6-7).  Plaintiff fails to plausibly allege the violation of any actionable constitutional right by Officer Duong.

### D.  No Fourteenth Amendment Violation

29.  Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivations of liberty that must be analyzed under the Fourth Amendment.  It is well settled that "an unlawful arrest claim must be analyzed under the Fourth Amendment, not the Fourteenth Amendment." *Zimmerman v. Cutler*, 657 F. App'x 340, 341 (5th Cir. 2016).  A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police

intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing."[2]  To allege intentional police fabrication, however, the plaintiff must make more than conclusory allegations. *Id.* (citing *Bosarge*, 796 F.3d at 441-42).  In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment.  Typically, if the alleged manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  The right to be arrested with probable cause is protected under the Fourth Amendment, and therefore it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010).  Plaintiff does not claim that Officer Duong intentionally manufactured any evidence used at a trial against Plaintiff, or any facts supporting a Fourteenth Amendment due process claim.  Even if Plaintiff included such allegations, he cannot show that the Fourth Amendment would be unavailing to authorize a duplicative Fourteenth Amendment claim. *See, e.g.*, *Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016).

       30.    Plaintiff's allegations of reputational damage alone do not support any Fourteenth Amendment deprivation.  "'Reputation alone, apart from some more tangible interests such as employment, is [not] 'liberty' or 'property' by itself sufficient to invoke the procedural

---

[2] *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015).  The fabrication must be intentional and must be done by an official. *See Id.* at 767 (distinguishing *Cuadra*, 626 F.3d at 814, where school officials and not officers were at fault and *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015) where there was no intentional fabrication).

protection of the Due Process Clause." *In re Selcraig*, 705 F.2d 789, 791 (5th Cir. 1983) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Damage to reputation alone, unaccompanied by other injury, will not, therefore, suffice for recovery under 42 U.S.C. § 1983, which protects only against "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A constitutional deprivation of liberty occurs when there is some injury to employment or employment opportunities in addition to damage to reputation and a subsequent denial of procedural due process to redress that injury." *In re Selcraig*, 705 F.2d at 791 (citations omitted).

31.     Here, Plaintiff's implication of substantive and procedural due process protections due to reputational harm combined with tangible losses, such as loss of employment opportunities, is without merit. Plaintiff made no mention of loss of employment opportunities in his initial complaint. [Exhibit #8]. In fact, Plaintiff's initial complaint states that during the pendency of Plaintiff's criminal case, which was three days, he worked from home, which implies no loss of employment or employment opportunities as a result of his arrest. [Exhibit #8 at 1]. Plaintiff did not allege loss of employment opportunities until AFTER Officer Duong asserted in his motion to dismiss the initial complaint that Plaintiff's allegations of embarrassment and reputational damage alone, without some injury to employment or employment opportunities, do not support any Fourteenth Amendment deprivation. [Doc. #5 at ¶34]. If this Court considers Plaintiff's argument of loss of employment opportunities, Plaintiff's allegations are conclusory at best. Plaintiff alleges he experienced significant setbacks in his career including lost wages, diminished earning capacity, missed opportunities for career advancement and was rendered unable to secure comparable employment as a direct result of the false arrest and subsequent reputational harm. Plaintiff offers no facts regarding the type of setbacks in his career he endured as a result of his 2-day detention, what made the setbacks significant, the dollar amount attributed to his lost wages for two days, what injury

19

or impairment he suffered as a result of his 2-day detention causing his earning capacity to diminish, what specific opportunity for career advancement he missed within two days or what comparable employment he was unable to secure.

**Conclusion**

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted against Officer Duong. Therefore, Officer Duong respectfully requests that this Court grant his motion, and dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

Date: December 4, 2024.        By:        _/s/ Joy Thomas_
                                             Joy Thomas
                                             Sr. Assistant City Attorney
                                             ATTORNEY IN CHARGE
                                             SBN: 24086802
                                             FBN: 3892483
                                             832.393.6434
                                             joy.thomas@houstontx.gov
                                             CITY OF HOUSTON LEGAL DEPARTMENT
                                             900 Bagby, 4th Floor
                                             Houston, Texas 77002
                                             832.393.6259 Facsimile

                                             ***Attorney for Defendant,***
                                             ***Duc Duong***

**Certificate of Service**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:


Tiffany Bartley Sams
114 Heights Blvd, Unit I
Houston, Texas 77007
tiffanysams@pathlightlegalcorporation.com

*/s/ Joy Thomas*
Joy Thomas